Exhibit B

Clerk of the Superior Court
*** Electronically Filed ***
D. Hill, Deputy
7/2/2021 5:02:28 PM
Filing ID 13085748

TAYLOR & GOMEZ LLP
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-394-8930 Fax: 602-957-3257
E-mail:  bt@taylorgomezlaw.com

BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com
Donna M. McDaniel (017366)
donna@phxlegal.com

*Attorneys for Plaintiff Lorenzo Jones*

# ARIZONA SUPERIOR COURT
# IN AND FOR MARICOPA COUNTY

| | |
|---|---|
| Lorenzo Jones, | Case No.  CV-  **CV2021-010635** |
|     Plaintiff, | **COMPLAINT** |
| v. | **TIER 2** |
| City of Mesa; | |
|     Defendant. | |

Plaintiff, for his complaint against defendant alleges as follows:

1.     Plaintiff Lorenzo Jones is a resident of Maricopa County, Arizona.

2.     Defendant City of Mesa is a public body.

3.     Defendant City of Mesa, through its employees, has caused events to occur in Maricopa County out of which this matter arises.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

4.      Jurisdiction and venue are proper with the Arizona Superior Court in Maricopa County, Arizona.

5.      This is a Tier 2 case. More than 60 days have elapsed since the City of Mesa was served with a Notice of Claim in full compliance with ARS 12-821.01.

6.      On July 6, 2020, Lorenzo Jones was reportedly involved in an altercation with family members in the hallway of the apartment complex where he resided with his fiance, Tenisha Gaston, and five toddler children.

7.      As officers were arriving on scene, dispatch allegedly stated that Lorenzo could potentially be armed.

8.      When officers arrived, Lorenzo reportedly attempted to evade law enforcement and prevent the arrest of his fiance, which officers claim resulted in the assault of Officer Jacob Harris, #17060.

9.      Officers tased Lorenzo multiple times before taking him into custody.

10.     After being handcuffed, officers performed a search of Lorenzo's person.

11.     Officer discovered no weapons.

12.     After being seen by Mesa Fire and Medical for his injuries, Lorenzo was transported and booked into the Mesa City Jail.

13.     On July 12, 2020, Lorenzo was released from custody after posting a $5,000 bond.

14.     Upon his release, Lorenzo received a Final Release Order and Order Regarding Counsel.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
2600 NORTH CENTRAL AVENUE
SUITE 1775
PHOENIX, ARIZONA 85004
(602) 248-9779

15. As one of Lorenzo's release conditions, he was ordered to attend a Status Conference and Preliminary Hearing at the Southeast Regional Court Center.

16. The Status Conference was scheduled to take place the following day, July 13, 2020.

17. As instructed, Lorenzo appeared at the Southeast Regional Court Center on July 13, 2020.

18. The Preliminary Hearing was scheduled for July 16, 2020.

19. When Lorenzo arrived at court on July 16, 2020, he was provided with a Court Date Advisement slip.

20. The slip further instructed Lorenzo to return to court on July 21, 2020, for his Initial Appearance.

21. Due to an error by the court, Lorenzo's appearance at his Status Conference was not recorded.

22. The court's error resulted in a bench warrant being issued for Lorenzo for failure to appear (FTA).

23. Once notified about Lorenzo's FTA, Officer Harris, an alleged victim of Lorenzo, requested a warrant be issued for Lorenzo's arrest.

24. As a result of the bench warrant being incorrectly issued. Detective Curtis Simpson, #20376 submitted an affidavit requesting a search warrant be issued for Lorenzo's home.

25. In Detective Simpson's affidavit, he cited unfounded accusations that Lorenzo was in possession of a firearm on July 6, 2020.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 175
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

3

26.     Detective Simpson further stated that he hoped this search warrant would aid law enforcement in retrieving the firearm that officers were unable to locate during their initial encounter with Lorenzo on July 6, 2020.

27.     Judge Tracy Nadzieja issued a search warrant for Lorenzo and his residence on July 15, 2020.

28.     On July 16, 2020, the Mesa Police Department's SWAT team, members of the Red Mountain Serious Offender's Unit, and various additional officers and detectives, traveled to the apartment complex where Lorenzo, Tenisha, and their five children resided.

29.     This included Mesa Police Department officer, Jacob Harris, an alleged victim of Lorenzo.

30.     At approximately 1825 hours, the SWAT team started giving verbal commands using a PA system.

31.     The SWAT team negotiator repeatedly stated for any and all occupants of 4104 E. Broadway Road, Unit #1059 to exit the residence.

32.     Complying with commands for any and all occupants to exit the apartment Lorenzo, Tenisha, and their  five children exited their home.

33.     At this time, Lorenzo was shirtless and carrying one of the infant children in his arms.

34.     At the time of the incident, Lorenzo's and Tenisha's children ranged from one month to four years old.

35.     Lorenzo's waistband was clearly visible with nothing indicating he was in possession of a firearm.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

4

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

36.     Tenisha was holding her and Lorenzo's one month old son.



37.     Due to Lorenzo showing up for all his court hearings, including the Preliminary Hearing earlier that morning, Lorenzo and Tenisha briefly attempted to explain the misunderstanding to officers.

38.      After handing Tenisha their infant son and his personal possessions Lorenzo, using the universal signal for surrendering, put his hands in the air above his head.



39.     At With Lorenzo's hands still clearly in the air and visible to officers he gestured at his residence while stating that his paperwork from court was inside.

40.     Lorenzo made no threats or furtive gestures.



41.     While Lorenzo's hands remained clearly in the air and visible to officers, Lorenzo was shot with a beanbag shotgun round in the lower abdomen by Mesa Police Department officers.

42.     At the time Lorenzo was shot, Tenisha and three of their five minor children were still in close proximity to Lorenzo.

43.     After being shot, Lorenzo clutched his chest and fell backwards onto the pavement, landing on the right side of his body.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779




44.     After falling onto the pavement, Lorenzo laid flat on his stomach with his hands straight out to his side.

45.     With Lorenzo's hands still out to his side and clearly visible to officers, he gestured to Tenisha to take the children inside to safety.




BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

46.     Using the PA, Mesa Police officers instructed Lorenzo to get up and walk to the officers.

47.     As Lorenzo rolled over and prepared to get up, Mesa officers shot him again, striking him in the groin with a bean bag round.

 

48.     Two seconds after being struck for the second time, Lorenzo put his hands in the air again.

49.     While Lorenzo's hands remained in the air, Mesa officers shot Lorenzo with a third bean bag round.

 

50.     Once officers stopped shooting at Lorenzo, he got up, keeping his hands in the air.

51.     Lorenzo was then instructed to turn around and walk backward towards officers.

52.     Lorenzo was further instructed to walk behind the armored SWAT truck, which put him out of view of the camera.

53.     Once Lorenzo was almost completely out-of-view of the camera, officers can be seen violently yanking Lorenzo behind the SWAT truck.



54.     After he was pulled behind the SWAT truck, Lorenzo received multiple abrasions on his face, shoulders, and hands.

55.     After Lorenzo was taken into custody, he was treated by the Mesa Fire Department for his injuries.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

56. Mesa police subsequently searched Lorenzo's home and again found no firearms or weapons.

## COUNT ONE – BATTERY

57. Plaintiff realleges paragraphs 1 through 56 as if fully set forth herein.

58. The City of Mesa is vicariously liable for the conduct of its employees.

59. The police officer(s) who shot Lorenzo with the bean bags are, upon information and belief, employees of the City of Mesa.

60. The police officer(s) acted intentionally, shooting Lorenzo three times while he was complying with their commands, was obviously unarmed and presented no threat to justify the shootings.

61. The use of force by police officer(s) against Lorenzo was not immediately necessary to effect his arrest or detention or to prevent his escape.

62. The police officer(s), in shooting three times with bean bags, caused Lorenzo to suffer harmful and offensive contact.

63. Lorenzo suffered physical pain, fear and distress as a result of the police officers' conduct.

64. The police officers' conduct was an affront to Lorenzo's dignity as a human being.

## COUNT TWO – NEGLIGENT TRAINING/SUPERVISION

65. Plaintiff realleges paragraphs 1 through 64 as if fully set forth herein.

66. City of Mesa owed Lorenzo a duty to provide reasonable and necessary training and supervision to its police officers.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

67.     City of Mesa breached it duty to Lorenzo by failing adequately train and supervise its police officers in the use of force and particularly those officers using excessive, unnecessary and unjustified force in shooting Lorenzo.

68.      City of Mesa knew or should have known of its officers propensity to use excessive, unnecessary and unjustified force.

69.     City of Mesa acted in reckless indifference to the results of its actions, and the rights or safety of Miguel Camacho, in its failure to adequately train and supervise its police officers.

70.     As a result of the City of Mesa's conduct, Lorenzo suffered physical and emotional injuries.

WHEREFORE, Plaintiff Lorenzo Jones respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendant as follows:

A. For physical and emotional distress, discomfort, suffering, humiliation and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the defendant's fault;

B. For such other and further relief as the court deems just.

Dated this 2nd day of July 2021.

**TAYLOR & GOMEZ LLP**

/s/ Benjamin Taylor
Benjamin Taylor

**BIHN & McDANIEL, P.L.C.**

/s/ Martin A. Bihn
Martin A. Bihn

11

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
7/13/2021 1:49:16 PM
Filing ID 13117302

MARTIN A. BIHN, ESQ.
**BIHN & MCDANIEL, PLC**
2600 North Central Avenue, Suite 1775
Phoenix, AZ 85004
(602) 248-9779

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LORENZO JONES,** | **CASE NO. CV2021-010635** |
| **Plaintiff(s),** | |
| vs. | **RETURN OF SERVICE** |
| **CITY OF MESA,** | |
| **Defendant(s).** | **CITY OF MESA** |

Received by B&B ATTORNEY SERVICE, LLC on the 6th day of July, 2021 at 1:10 PM to be served on **CITY OF MESA, % CITY CLERK OF MESA, 20 EAST MAIN STREET, SUITE 150, MESA, AZ 85201.**

I, **ALMIR BOSNIC**, do hereby affirm that on the **8th day of July, 2021** at **2:02 PM**, I:

**CORPORATE** served by personally delivering and leaving a true copy of the **SUMMONS; COMPLAINT TIER 2, CERTIFICATE OF COMPULSORY ARBITRATION** with: **ANN MARIE FANTASIA, SENIOR PROGRAM ASSISTANT,** who is authorized to accept service, at the address of: **20 EAST MAIN STREET, SUITE 150, MESA, AZ 85201.** I informed said person of the contents therein, in compliance with state statutes.

I declare under penalty of perjury the foregoing statements are true and correct.

**Almir Bosnic**
Lic. Process Server No. 7002

**B&B ATTORNEY SERVICE, LLC**
**PO BOX 12681**
**SCOTTSDALE, AZ 85267**
**(602) 510-6016**

Service Fee Total:     **$85.00**

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/6/2021 6:26:02 PM
Filing ID 13339022

TAYLOR & GOMEZ LLP
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-394-8930 Fax: 602-957-3257
E-mail:  bt@taylorgomezlaw.com

BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com
Donna M. McDaniel (017366)
donna@phxlegal.com

*Attorneys for Plaintiff Lorenzo Jones*

**ARIZONA SUPERIOR COURT
IN AND FOR MARICOPA COUNTY**

| | |
|---|---|
| Lorenzo Jones,<br><br>    Plaintiff,<br><br>v.<br><br>City of Mesa;<br><br>    Defendant. | Case No.  CV-2021-010635<br><br>**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Plaintiff, through undersigned counsel and pursuant to Rule 15(a)(2), moves for the Court's order granting leave to an amended complaint. Plaintiff has filed and served his complaint on the City of Mesa more than 21 days ago.  City of Mesa has not yet answered or otherwise appeared.[1]

---

[1] Plaintiff granted City of Mesa an open extension to answer because the parties have agreed to a private mediation on October 28, 2021

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

The complaint contains an assault claim against the City of Mesa arising out of a police officer's use of excessive force against plaintiff.  Specifically, a police officer shot plaintiff three times with a less lethal shotgun round while plaintiff was offering no resistance whatsoever.  In the last few days, plaintiff learned the identity of the officer who shot plaintiff. Plaintiff now seeks to amend the complaint to add a 42 USC 1983 civil rights claim against that individual officer, Aaron Pew. Plaintiff has attached, at exhibit A, a copy of the proposed amended complaint with additions identified in red font and underlined and deletions identified by red strike-through.

This amendment is made in good faith and not for the purpose of delay.  There is no prejudice to defendants as they have not yet answered.

Dated this 6th day of September 2021.

**TAYLOR & GOMEZ LLP**

/s/ Benjamin Taylor
Benjamin Taylor

**BIHN & McDANIEL, P.L.C.**

/s/ Martin A. Bihn
Martin A. Bihn

**BIHN & McDANIEL, P.L.C.**
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

2

TAYLOR & GOMEZ LLP
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-394-8930 Fax: 602-957-3257
E-mail:   bt@taylorgomezlaw.com

BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com
Donna M. McDaniel (017366)
donna@phxlegal.com

*Attorneys for Plaintiff Lorenzo Jones*

## ARIZONA SUPERIOR COURT
## IN AND FOR MARICOPA COUNTY

Lorenzo Jones,

      Plaintiff,

v.

City of Mesa;

      Defendant.

Case No.  CV-2021-010635

**AMENDED COMPLAINT**

**TIER 2**

Plaintiff, for his complaint against defendant alleges as follows:

1.      Plaintiff Lorenzo Jones is a resident of Maricopa County, Arizona.

2.      Defendant City of Mesa is a public body.

2.3.      Defendant Aaron Pew is a police officer with the City of Mesa and, upon information and belief, is a resident of Maricopa County, Arizona.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

3.4.   Defendants City of Mesa, through its employees, has have caused events to occur in Maricopa County out of which this matter arises.

4.5.   Jurisdiction and venue are proper with the Arizona Superior Court in Maricopa County, Arizona.

5.6.   This is a Tier 2 case. More than 60 days have elapsed since the City of Mesa was served with a Notice of Claim in full compliance with ARS 12-821.01.

6.7.   On July 6, 2020, Lorenzo Jones was reportedly involved in an altercation with family members in the hallway of the apartment complex where he resided with his fiance, Tenisha Gaston, and five toddler children.

7.8.   As officers were arriving on scene, dispatch allegedly stated that Lorenzo could potentially be armed.

8.9.   When officers arrived, Lorenzo reportedly attempted to evade law enforcement and prevent the arrest of his fiance, which officers claim resulted in the assault of Officer Jacob Harris, #17060.

9.10.   Officers tased Lorenzo multiple times before taking him into custody.

10.11. After being handcuffed, officers performed a search of Lorenzo's person.

11.12. Officer discovered no weapons.

12.13. After being seen by Mesa Fire and Medical for his injuries, Lorenzo was transported and booked into the Mesa City Jail.

13.14. On July 12, 2020, Lorenzo was released from custody after posting a $5,000 bond.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

14.15. Upon his release, Lorenzo received a Final Release Order and Order Regarding Counsel.

15.16. As one of Lorenzo's release conditions, he was ordered to attend a Status Conference and Preliminary Hearing at the Southeast Regional Court Center.

16.17. The Status Conference was scheduled to take place the following day, July 13, 2020.

17.18. As instructed, Lorenzo appeared at the Southeast Regional Court Center on July 13, 2020.

18.19. The Preliminary Hearing was scheduled for July 16, 2020.

19.20. When Lorenzo arrived at court on July 16, 2020, he was provided with a Court Date Advisement slip.

20.21. The slip further instructed Lorenzo to return to court on July 21, 2020, for his Initial Appearance.

21.22. Due to an error by the court, Lorenzo's appearance at his Status Conference was not recorded.

22.23. The court's error resulted in a bench warrant being issued for Lorenzo for failure to appear (FTA).

23.24. Once notified about Lorenzo's FTA, Officer Harris, an alleged victim of Lorenzo, requested a warrant be issued for Lorenzo's arrest.

24.25. As a result of the bench warrant being incorrectly issued. Detective Curtis Simpson, #20376 submitted an affidavit requesting a search warrant be issued for Lorenzo's home.

25.26. In Detective Simpson's affidavit, he cited unfounded accusations that Lorenzo was in possession of a firearm on July 6, 2020.

26.27. Detective Simpson further stated that he hoped this search warrant would aid law enforcement in retrieving the firearm that officers were unable to locate during their initial encounter with Lorenzo on July 6, 2020.

27.28. Judge Tracy Nadzieja issued a search warrant for Lorenzo and his residence on July 15, 2020.

28.29. On July 16, 2020, the Mesa Police Department's SWAT team, members of the Red Mountain Serious Offender's Unit, and various additional officers and detectives, traveled to the apartment complex where Lorenzo, Tenisha, and their five children resided.

29.30. This included Mesa Police Department officer, Jacob Harris, an alleged victim of Lorenzo.

30.31. At approximately 1825 hours, the SWAT team started giving verbal commands using a PA system.

31.32. The SWAT team negotiator repeatedly stated for any and all occupants of 4104 E. Broadway Road, Unit #1059 to exit the residence.

32.33. Complying with commands for any and all occupants to exit the apartment Lorenzo, Tenisha, and their five children exited their home.

33.34. At this time, Lorenzo was shirtless and carrying one of the infant children in his arms.

34.35. At the time of the incident, Lorenzo's and Tenisha's children ranged from one month to four years old.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

35.36. Lorenzo's waistband was clearly visible with nothing indicating he was in possession of a firearm.

36.37. Tenisha was holding her and Lorenzo's one month old son.



37.38. Due to Lorenzo showing up for all his court hearings, including the Preliminary Hearing earlier that morning, Lorenzo and Tenisha briefly attempted to explain the misunderstanding to officers.

38.39. After handing Tenisha their infant son and his personal possessions Lorenzo, using the universal signal for surrendering, put his hands in the air above his head.



39.40. At With Lorenzo's hands still clearly in the air and visible to officers he gestured at his residence while stating that his paperwork from court was inside.

40.41. Lorenzo made no threats or furtive gestures.



41.42. While Lorenzo's hands remained clearly in the air and visible to officers, Lorenzo was shot with a beanbag shotgun round in the lower abdomen by Mesa Police Department officer Aaron Pews.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

6

42.43. At the time Lorenzo was shot, Tenisha and three of their five minor children were still in close proximity to Lorenzo.

43.44. After being shot, Lorenzo clutched his chest and fell backwards onto the pavement, landing on the right side of his body.



44.45. After falling onto the pavement, Lorenzo laid flat on his stomach with his hands straight out to his side.

45.46. With Lorenzo's hands still out to his side and clearly visible to officers, he gestured to Tenisha to take the children inside to safety.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779




46.47.  Using the PA, Mesa Police officers instructed Lorenzo to get up and walk to the officers.

47.48.  As Lorenzo rolled over and prepared to get up, Mesa Police officers Aaron Pew shot him again, striking him in the groin with a bean bag round.




8

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

48.49. Two seconds after being struck for the second time, Lorenzo put his hands in the air again.

49.50. While Lorenzo's hands remained in the air, Mesa Police officer Aaron Pews shot Lorenzo with a third bean bag round.



50.51. Once officers stopped shooting at Lorenzo, he got up, keeping his hands in the air.

51.52. Lorenzo was then instructed to turn around and walk backward towards officers.

52.53. Lorenzo was further instructed to walk behind the armored SWAT truck, which put him out of view of the camera.

53.54. Once Lorenzo was almost completely out-of-view of the camera, officers can be seen violently yanking Lorenzo behind the SWAT truck.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

 

54.55. After he was pulled behind the SWAT truck, Lorenzo received multiple abrasions on his face, shoulders, and hands.

55.56. After Lorenzo was taken into custody, he was treated by the Mesa Fire Department for his injuries.

56.57. Mesa police subsequently searched Lorenzo's home and again found no firearms or weapons.

COUNT ONE – BATTERY

57.58. Plaintiff realleges paragraphs 1 through 56 as if fully set forth herein.

58.59. The City of Mesa is vicariously liable for the conduct of its employees.

59.60. The police officer(s) who shot Lorenzo with the bean bags are, upon information and belief, employees of the City of Mesa.

60.61.  The police officer(s) acted intentionally, shooting Lorenzo three times while he was complying with their commands, was obviously unarmed and presented no threat to justify the shootings.

61.62.  The use of force by police officer(s) against Lorenzo was not immediately necessary to effect his arrest or detention or to prevent his escape.

62.63.  The police officer(s), in shooting three times with bean bags, caused Lorenzo to suffer harmful and offensive contact.

63.64.  Lorenzo suffered physical pain, fear and distress as a result of the police officers' conduct.

64.65.  The police officers' conduct was an affront to Lorenzo's dignity as a human being.

## COUNT TWO – NEGLIGENT TRAINING/SUPERVISION

65.66.  Plaintiff realleges paragraphs 1 through 64 as if fully set forth herein.

66.67.  City of Mesa owed Lorenzo a duty to provide reasonable and necessary training and supervision to its police officers.

67.68.  City of Mesa breached it duty to Lorenzo by failing adequately train and supervise its police officers in the use of force and particularly those officers using excessive, unnecessary and unjustified force in shooting Lorenzo.

68.69.  City of Mesa knew or should have known of its officers propensity to use excessive, unnecessary and unjustified force.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

69.70.  City of Mesa acted in reckless indifference to the results of its actions, and the rights or safety of Miguel Camacho, in its failure to adequately train and supervise its police officers.

71.    As a result of the City of Mesa's conduct, Lorenzo suffered physical and emotional injuries.

COUNT THREE--- 42 USC s 1983 EXCESSIVE FORCE AGAINST PEW

72.    Plaintiff realleges all allegation contained in prior paragraphs of the complaint.

73.    Defendant Aaron Pew is being sued in his individual capacity and is a "person" for the purposes of 42 USC s 1983.

74.    At all material times, defendant Pew acted under color of state law.

75.    Defendant Pew used excessive and objectively unreasonable force against plaintiff in violation of his Fourth and Fourteenth Amendment rights including but necessarily limited to, shooting him three times with bean bag shotgun shell. Pew shot plaintiff the first time as plaintiff stood with his hands in the air offering no resistance. Pew shot plaintiff two more times in the groin as he lay on the ground, incapacitated from Pew's first shot.

76.    Pew shot plaintiff even though plaintiff posed no immediate threat to the safety of officers or the public, was not resisting the officers and was not attempting to evade the officers.

77.    Pew is not entitled to qualified immunity.  At the time Pew used excessive force on plaintiff the law was clearly established that such actions amounted to unconstitutional excessive force.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 240-9774

78.   Plaintiff suffered damages as a result of Pew's unconstitutional actions.

79.   Pew acted with reckless and callous indifference to plaintiff's federally protected rights entitling plaintiff to punitive damages.

70.80. Plaintiff is entitled to his costs, including attorneys' fees, pursuant to 42 USC s 1988.

WHEREFORE, Plaintiff Lorenzo Jones respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants as follows:

A.  For physical and emotional distress, discomfort, suffering, humiliation and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the defendant's' fault;

B.  For punitive damages against defendant Pew in an amount sufficient to deter his misconduct in the future.

C.  For his costs and attorneys' fees pursuant to 42 USC s 1988.

A.

B.D.   For such other and further relief as the court deems just.

Dated this 62nd day of SeptemberJuly 2021.

**TAYLOR & GOMEZ LLP**

/s/ Benjamin Taylor
Benjamin Taylor

**BIHN & McDANIEL, P.L.C.**

/s/ Martin A. Bihn
Martin A. Bihn

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

13

Granted with Modifications

***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
M. Corriveau, Deputy
9/10/2021 8:00:00 AM
Filing ID 13350732

1  TAYLOR & GOMEZ LLP
Benjamin Taylor, SBN: 023868
2  2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-394-8930 Fax: 602-957-3257
3  E-mail:   bt@taylorgomezlaw.com

4  BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
5  Phoenix, Arizona 85004
(602) 248 9779
6  Martin A. Bihn (014338)
mbihn@phxlegal.com
Donna M. McDaniel (017366)
7  donna@phxlegal.com
*Attorneys for Plaintiff Lorenzo Jones*

8
**ARIZONA SUPERIOR COURT**
9  **IN AND FOR MARICOPA COUNTY**

10  Lorenzo Jones,                      Case No.  CV-2021-010635

11          Plaintiff,                  **ORDER GRANTING PLAINTIFF**
                                        **LEAVE TO FILE AMENDED**
12  v.                                  **COMPLAINT**

13  City of Mesa;

14          Defendant.

15          The Court, have reviewed the plaintiff's Motion for Leave to Amend and finding good

16  cause therefore;

17          IT IS ORDERED granting plaintiff leave to file his amended complaint.  The amended

18  complaint shall be filed within 10 days.

19          Dated: _____

20
                                    _____
21                                  Judge Astrowsky

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 175
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-4779

# eSignature Page 1 of 1

Filing ID: 13350732   Case Number: CV2021-010635
Original Filing ID: 13339022

---

**Granted with Modifications**



/S/ Brad Astrowsky Date: 9/8/2021
_____
Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2021-010635                    SIGNATURE DATE: 9/8/2021

E-FILING ID #: 13350732                          FILED DATE: 9/10/2021 8:00:00 AM


MARTIN A BIHN

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
9/10/2021 1:19:10 PM
Filing ID 13359644

TAYLOR & GOMEZ LLP
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602 403-0212 Fax: 602-957-3257
E-mail:   bt@taylorgomezlaw.com

BIHN & McDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com
Donna M. McDaniel (017366)
donna@phxlegal.com

*Attorneys for Plaintiff Lorenzo Jones*

**ARIZONA SUPERIOR COURT
IN AND FOR MARICOPA COUNTY**

Lorenzo Jones,

     Plaintiff,

v.

City of Mesa, Aaron Pew;

     Defendants.

Case No.  CV-2021-010635

**AMENDED COMPLAINT**

**TIER 2**

Plaintiff, for his complaint against defendant alleges as follows:

1.     Plaintiff Lorenzo Jones is a resident of Maricopa County, Arizona.

2.     Defendant City of Mesa is a public body.

3.     Defendant Aaron Pew is a police officer with the City of Mesa and, upon information and belief, is a resident of Maricopa County, Arizona.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

4.     Defendants have caused events to occur in Maricopa County out of which this matter arises.

5.     Jurisdiction and venue are proper with the Arizona Superior Court in Maricopa County, Arizona.

6.     This is a Tier 2 case. More than 60 days have elapsed since the City of Mesa was served with a Notice of Claim in full compliance with ARS 12-821.01.

7.     On July 6, 2020, Lorenzo Jones was reportedly involved in an altercation with family members in the hallway of the apartment complex where he resided with his fiance, Tenisha Gaston, and five toddler children.

8.     As officers were arriving on scene, dispatch allegedly stated that Lorenzo could potentially be armed.

9.     When officers arrived, Lorenzo reportedly attempted to evade law enforcement and prevent the arrest of his fiance, which officers claim resulted in the assault of Officer Jacob Harris, #17060.

10.     Officers tased Lorenzo multiple times before taking him into custody.

11.     After being handcuffed, officers performed a search of Lorenzo's person.

12.     Officer discovered no weapons.

13.     After being seen by Mesa Fire and Medical for his injuries, Lorenzo was transported and booked into the Mesa City Jail.

14.     On July 12, 2020, Lorenzo was released from custody after posting a $5,000 bond.

15.     Upon his release, Lorenzo received a Final Release Order and Order Regarding Counsel.

16.     As one of Lorenzo's release conditions, he was ordered to attend a Status Conference and Preliminary Hearing at the Southeast Regional Court Center.

17.     The Status Conference was scheduled to take place the following day, July 13, 2020.

18.     As instructed, Lorenzo appeared at the Southeast Regional Court Center on July 13, 2020.

19.     The Preliminary Hearing was scheduled for July 16, 2020.

20.     When Lorenzo arrived at court on July 16, 2020, he was provided with a Court Date Advisement slip.

21.     The slip further instructed Lorenzo to return to court on July 21, 2020, for his Initial Appearance.

22.     Due to an error by the court, Lorenzo's appearance at his Status Conference was not recorded.

23.     The court's error resulted in a bench warrant being issued for Lorenzo for failure to appear (FTA).

24.     Once notified about Lorenzo's FTA, Officer Harris, an alleged victim of Lorenzo, requested a warrant be issued for Lorenzo's arrest.

25.     As a result of the bench warrant being incorrectly issued. Detective Curtis Simpson, #20376 submitted an affidavit requesting a search warrant be issued for Lorenzo's home.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

26.     In Detective Simpson's affidavit, he cited unfounded accusations that Lorenzo was in possession of a firearm on July 6, 2020.

27.     Detective Simpson further stated that he hoped this search warrant would aid law enforcement in retrieving the firearm that officers were unable to locate during their initial encounter with Lorenzo on July 6, 2020.

28.     Judge Tracy Nadzieja issued a search warrant for Lorenzo and his residence on July 15, 2020.

29.     On July 16, 2020, the Mesa Police Department's SWAT team, members of the Red Mountain Serious Offender's Unit, and various additional officers and detectives, traveled to the apartment complex where Lorenzo, Tenisha, and their five children resided.

30.     This included Mesa Police Department officer, Jacob Harris, an alleged victim of Lorenzo.

31.     At approximately 1825 hours, the SWAT team started giving verbal commands using a PA system.

32.     The SWAT team negotiator repeatedly stated for any and all occupants of 4104 E. Broadway Road, Unit #1059 to exit the residence.

33.     Complying with commands for any and all occupants to exit the apartment Lorenzo, Tenisha, and their five children exited their home.

34.     At this time, Lorenzo was shirtless and carrying one of the infant children in his arms.

35.     At the time of the incident, Lorenzo's and Tenisha's children ranged from one month to four years old.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
2600 NORTH CENTRAL AVENUE
SUITE 1775
PHOENIX, ARIZONA 85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

36.     Lorenzo's waistband was clearly visible with nothing indicating he was in possession of a firearm.

37.     Tenisha was holding her and Lorenzo's one month old son.



38.     Due to Lorenzo showing up for all his court hearings, including the Preliminary Hearing earlier that morning, Lorenzo and Tenisha briefly attempted to explain the misunderstanding to officers.

39.      After handing Tenisha their infant son and his personal possessions Lorenzo, using the universal signal for surrendering, put his hands in the air above his head.

5

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779



40.     At With Lorenzo's hands still clearly in the air and visible to officers he gestured at his residence while stating that his paperwork from court was inside.

41.     Lorenzo made no threats or furtive gestures.



42.     While Lorenzo's hands remained clearly in the air and visible to officers, Lorenzo was shot with a beanbag shotgun round in the lower abdomen by Mesa Police Department officer Aaron Pew.

1

2

43.     At the time Lorenzo was shot, Tenisha and three of their five minor children were still in close proximity to Lorenzo.

3

4

44.     After being shot, Lorenzo clutched his chest and fell backwards onto the pavement, landing on the right side of his body.

5

6

7

8

9

 

10

11

12

13

14

45.     After falling onto the pavement, Lorenzo laid flat on his stomach with his hands straight out to his side.

15

16

46.     With Lorenzo's hands still out to his side and clearly visible to officers, he gestured to Tenisha to take the children inside to safety.

17

18

19

20

21

22

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

 

47.     Using the PA, Mesa Police officers instructed Lorenzo to get up and walk to the officers.

48.     As Lorenzo rolled over and prepared to get up, Mesa Police officer Aaron Pew shot him again, striking him in the groin with a bean bag round.

 

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

49.     Two seconds after being struck for the second time, Lorenzo put his hands in the air again.

50.     While Lorenzo's hands remained in the air, Mesa Police officer Aaron Pew shot Lorenzo with a third bean bag round.

 

51.     Once officer Pew stopped shooting at Lorenzo, he got up, keeping his hands in the air.

52.     Lorenzo was then instructed to turn around and walk backward towards officers.

53.     Lorenzo was further instructed to walk behind the armored SWAT truck, which put him out of view of the camera.

54.     Once Lorenzo was almost completely out-of-view of the camera, officers can be seen violently yanking Lorenzo behind the SWAT truck.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779



55.   After he was pulled behind the SWAT truck, Lorenzo received multiple abrasions on his face, shoulders, and hands.

56.   After Lorenzo was taken into custody, he was treated by the Mesa Fire Department for his injuries.

57.   Mesa police subsequently searched Lorenzo's home and again found no firearms or weapons.

COUNT ONE – BATTERY

58.   Plaintiff realleges paragraphs 1 through 57 as if fully set forth herein.

59.   The City of Mesa is vicariously liable for the conduct of its employees.

60.   The police officer(s) who shot Lorenzo with the bean bags are, upon information and belief, employees of the City of Mesa.

61.     The police officer(s) acted intentionally, shooting Lorenzo three times while he was complying with their commands, was obviously unarmed and presented no threat to justify the shootings.

62.     The use of force by police officer(s) against Lorenzo was not immediately necessary to effect his arrest or detention or to prevent his escape.

63.     The police officer(s), in shooting three times with bean bags, caused Lorenzo to suffer harmful and offensive contact.

64.     Lorenzo suffered physical pain, fear and distress as a result of the police officers' conduct.

65.     The police officers' conduct was an affront to Lorenzo's dignity as a human being.

COUNT TWO – NEGLIGENT TRAINING/SUPERVISION

66.     Plaintiff realleges paragraphs 1 through 65 as if fully set forth herein.

67.     City of Mesa owed Lorenzo a duty to provide reasonable and necessary training and supervision to its police officers.

68.     City of Mesa breached it duty to Lorenzo by failing adequately train and supervise its police officers in the use of force and particularly those officers using excessive, unnecessary and unjustified force in shooting Lorenzo.

69.      City of Mesa knew or should have known of its officers propensity to use excessive, unnecessary and unjustified force.

70.     City of Mesa acted in reckless indifference to the results of its actions, and the rights or safety of Miguel Camacho, in its failure to adequately train and supervise its police officers.

71.     As a result of the City of Mesa's conduct, Lorenzo suffered physical and emotional injuries.

COUNT THREE--- 42 USC s 1983 EXCESSIVE FORCE AGAINST PEW

72.     Plaintiff realleges all allegation contained in prior paragraphs of the complaint.

73.     Defendant Aaron Pew is being sued in his individual capacity and is a "person" for the purposes of 42 USC s 1983.

74.     At all material times, defendant Pew acted under color of state law.

75.     Defendant Pew used excessive and objectively unreasonable force against plaintiff in violation of his Fourth and Fourteenth Amendment rights including but necessarily limited to, shooting him three times with bean bag shotgun shell. Pew shot plaintiff the first time as plaintiff stood with his hands in the air offering no resistance. Pew shot plaintiff two more times in the groin as he lay on the ground, incapacitated from Pew's first shot.

76.      Pew shot plaintiff even though plaintiff posed no immediate threat to the safety of officers or the public, was not resisting the officers and was not attempting to evade the officers.

77.     Pew is not entitled to qualified immunity.  At the time Pew used excessive force on plaintiff the law was clearly established that such actions amounted to unconstitutional excessive force.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85004
(602) 248-9779

78.     Plaintiff suffered damages as a result of Pew's unconstitutional actions.

79.     Pew acted with reckless and callous indifference to plaintiff's federally

protected rights entitling plaintiff to punitive damages.

80.     Plaintiff is entitled to his costs, including attorneys' fees, pursuant to 42 USC s

1988.

WHEREFORE, Plaintiff Lorenzo Jones respectfully requests that this Court grant relief

in Plaintiff's favor, and against Defendants as follows:

A.  For physical and emotional distress, discomfort, suffering, humiliation and anxiety
    already experienced, and reasonably probable to be experienced in the future as a
    result of the defendants' fault;

B.  For punitive damages against defendant Pew in an amount sufficient to deter his
    misconduct in the future.

C.  For his costs and attorneys' fees pursuant to 42 USC s 1988.

D.  For such other and further relief as the court deems just.

Dated this 10th day of September 2021.

**TAYLOR & GOMEZ LLP**

/s/ Benjamin Taylor
Benjamin Taylor


**BIHN & McDANIEL, P.L.C.**

/s/ Martin A. Bihn
Martin A. Bihn

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779